### ELISHA QUIMBY *vs.* SALLY COOK.

An auditor appointed to state the account between the parties to a bill in equity to redeem land from a mortgage may properly hear evidence and report upon an agreement made by the mortgagor, after interest had accrued upon the debt secured by the mortgage, to treat the principal and accrued interest as a new principal, upon which interest should be thereafter computed; and such agreement, so far as it has been executed, is valid.

BILL IN EQUITY to redeem land from a mortgage. The case was referred to an auditor, to state the account between the parties, and he reported the following facts:

" That on the 21st of July 1830 the plaintiff gave to Samuel Cook, the defendant's testator, his promissory note for five hundred dollars, secured by a mortgage of real estate; that prior to the 21st of July 1855, there had been partial payments made by the plaintiff to said Cook, but never in excess of the interests due; that on the 21st of July 1855 the plaintiff and said Cook accounted together, and found that there was then due on said note, principal and interest together, the sum of nine hundred and fifty dollars; that then and thereupon it was agreed by and between them, in consideration of said Cook's forbearing to foreclose said mortgage or to put said note in suit, that said sum of $950 should thereafter stand as the principal of said note, and that the plaintiff should thenceforth annually pay interest on said sum; that in accordance with said agreement the plaintiff has annually paid the interest on said sum of $950, down to July 21st 1861, that date being a few months prior to the decease of said Cook; that the agreement as to interest since that time being executory, interest from that date can only be

reckoned upon the original principal of $500, and that, as the result of the foregoing, there is now due on said note from said plaintiff to said defendant, or her heirs, the sum of nine hundred and fifty dollars, together with interest on five hundred dollars from July 21st 1861 to the present time."

The account was stated accordingly. The plaintiff moved that the report be recommitted to the auditor; and the case was thereupon reserved for the determination of the whole court.

*D. Roberts,* for the plaintiff.

*G. Wheatland,* for the defendant.

BIGELOW, C. J. The very elaborate and careful argument of Mr. Roberts has failed to convince us that the auditor exceeded his powers, or that there is any good reason for recommitting his report. An auditor is authorized to hear parties and their evidence in relation to every matter which is necessary or properly incidental to a correct statement of the accounts which are before him for investigation, and to decide questions of fact so far as they are involved in the matter submitted to him. This was determined in the well considered case of *Locke* v. *Bennett,* 7 Cush. 445, 451, and is in conformity to the long established practice in this commonwealth. Formerly the power of courts to appoint auditors was confined to cases which required an investigation of accounts or an examination of vouchers. Rev. Sts. *c.* 96, § 25. But by *St.* 1856, *c.* 202, reënacted in Gen. Sts. *c.* 121, § 46, the power is extended so as to embrace all causes at issue in every court, whatever may be the form of action, with authority to the auditor not only to hear the parties, examine their vouchers and evidence and state accounts, but also to " report upon any matters in the cause which may be included in the order of court;" thus empowering the court to confer on them a more extended authority than could have been granted to them under the law as it stood at the time of the decision of *Locke* v. *Bennett.* In the case at bar, the auditor did nothing more than to examine evidence and find facts which were necessary to enable him to make a correct statement of the account, and ascertain the amount which was due on the mortgage; nor does it appear that any more full or extended account was necessary to be

stated than the one made by the auditor, in order to arrive at a correct understanding of the matters in dispute between the parties.

The agreement to pay interest on the accrued interest was not invalid, and the auditor was right in recognizing such agreement, and stating his account according to it, allowing interest upon interest, so far as it had been executed between the parties. *Eaton* v. *Bell*, 5 B. & Ald. 34. *Wilcox* v. *Howland*, 23 Pick. 167. *Motion to recommit auditor's report overruled.*